UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 2:17-cr-47-PPS |
| CHARLES GOULD, | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

This is a drug conspiracy case in which multiple defendants have been charged with rampant drug trafficking. Several defendants have pleaded guilty, some pursuant to plea agreements with the Government, others have "pled in the blind" without the benefit of a plea agreement, and still others have pleaded not guilty and are scheduled to go to trial on March 9, 2020. On January 20, 2020, defendant Charles Gould, who is one of the defendants set to stand trial in March, filed a "Plea Declaration" as to Count 1 of the Second Superseding Indictment, which attempts to thread a needle between these three groups of defendants; he's trying to plead guilty to Count 1 but without admitting to drug quantities. [DE 719.] The Government opposes the effort.

Count 1 of the Second Superseding Indictment charges Gould and other defendants with conspiring to distribute and possessing with intent to distribute 280 grams or more of crack cocaine, and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846. [DE 485.] As mentioned above, Gould seeks to plead guilty to Count 1 without the benefit of a plea agreement but, in doing so, he does not want to

admit to the drug quantities set forth in the indictment. In other words, Gould has stopped short of pleading to the full scope of the charge in Count 1. According to Gould, to plead guilty all he needs to do is admit that he knowingly joined the conspiracy without admitting to the drug type and quantity amounts at issue. [DE 722.]

The Government disagrees and says that, because there is a mandatory minimum at play, the issues of drug type and quantity are elements of the offense which Gould must either plead guilty to, as charged, or stand trial for. [DE 721.] It says that unless he pleads guilty to the full offense, as charged, the facts relating to drug quantity that underlie Gould's guilt must be determined by a jury beyond a reasonable doubt. Gould counters that this is an issue for me to decide at sentencing. In other words, in Gould's conception of things, it is up to me to decide at sentencing whether the drug quantity is sufficient to trigger the mandatory minimum sentence.

In support of his argument that drug quantity is not an element of the offense under 21 U.S.C. §§ 841 and 846, Gould cites numerous Seventh Circuit cases which at one time supported his position. In particular, he points to *United States v. Clark*, 538 F.3d 803, 811-12 (7th Cir. 2008) in which the Seventh Circuit stated that "we have held on multiple occasions that judges may find facts, by a preponderance of the evidence, that subject a defendant to a statutory mandatory minimum." Effectively *Clark* stands for the proposition that the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) doesn't apply to facts necessary for a statutory mandatory minimum. *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a

crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."). Gould also cites other cases which predate and undergird *Clark* which stand for similar propositions regarding judicial factfinding as it relates to statutory mandatory minimums. *See, e.g.*, *United States v. Henry*, 408 F.3d 930, 943 (7th Cir. 2005); *United States v. Hernandez*, 330 F.3d 964, 980 (7th Cir. 2003). Gould then boldly concludes that "[t]he law in this circuit is therefore clear: type and quantity are not essential elements of a drug offense." (DE 722 at 4].

Gould's argument can charitably be called misleading. This is because the Seventh Circuit cases he cites all pre-date the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013). In *Alleyne*, the Court was unambiguous in extending the holding of *Apprendi* and stated that "[a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury." *Alleyne*, 570 U.S. at 103 (internal citation omitted). In so holding, the Court expressly overruled *Harris v. United States*, 536 U.S. 545 (2002), in which it had held "that judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment." *Alleyne*, 570 at 103.

"When an intervening Supreme Court decision unsettles our precedent, it is the ruling of the … [Supreme Court] that must carry the day." *United States v. Wahi*, 850 F.3d 296, 302 (7th Cir. 2017). It is for this reason, in the wake of *Alleyne*, that the Seventh

Circuit has found, contrary to its earlier holdings, that it is plain error for a judge to impose a mandatory minimum sentence without a jury making the factual findings that would trigger it. *See e.g. United States v. Armour*, 840 F.3d 904, 910 (7th Cir. 2016) (holding it was plain error for judge to impose a seven-year sentence for brandishing a firearm under 18 U.S.C. 924(c) where jury made no such finding). All of which goes to show that the holding of *Clark* and the other cases cited by Gould are no longer the law of the Seventh Circuit.

Nothing in *United States v. Sewell*, Case No. 1:11-cr-35, 2019 WL 1755301 (N.D. Ind. Apr. 19, 2019), a case Gould also points me to, mandates a different result. That decision related to a habeas corpus petition pursuant to 28 U.S.C. § 2255 and a challenge to how the defendant's sentence was calculated under the advisory Sentencing Guidelines. The statement in the opinion that *Apprendi* and *Alleyne* are "beside the point" for purposes of calculating drug quantities under the Sentencing Guidelines is inapplicable here. *Sewell*, 2019 WL 1755301, at *5. The issue in *Sewell* was entirely different because there was no mandatory minimum involved for a violation of 21 U.S.C. § 856. Indeed, *Sewell* explicitly recognizes how *Alleyne* forecloses the argument Gould is making here. *Id.* ("The holding in *Alleyne* is that any fact that increases, or triggers, a statutory mandatory minimum is an element of the crime that must be submitted to a jury and proved beyond a reasonable doubt.").

Given that Gould has not indicated that he will plead guilty to the full scope of Count 1 of the Second Superseding Indictment, I will not accept his plea as it is

currently framed. *See United States v. Bahena-Navarro*, 678 F.3d 492, 495 (7th Cir. 2012) ("A criminal defendant has no absolute right to have a guilty plea accepted. Rather, district courts retain a large measure of discretion to decide whether a guilty plea is appropriate in the circumstances of a particular case.") (citations and quotation marks omitted). In short, Mr. Gould needs to go back to the drawing board. He has three options: plead guilty pursuant to an agreement with the Government; plead guilty to the indictment, as charged, including any applicable mandatory minimums which may apply; or proceed to trial.

SO ORDERED on January 28, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT